**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JESSE WHITE, et al.,

       Plaintiffs,           **CIVIL ACTION NO. 07-CV-10074**

  vs.

                                  **DISTRICT JUDGE PAUL V. GADOLA**

**MORTGAGE ELECTRONIC**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**REGISTRATION SYSTEMS,
INC.,**
       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Defendant's Motion for Summary Judgment filed on October 19, 2007 (docket no. 27) should be **GRANTED**.

Plaintiffs' Motion for Summary Judgment filed on March 3, 2008 (docket no. 33) should be **DENIED.**

**II.**    **REPORT:**

This matter comes before the Court on cross-motions for summary judgment. Defendant filed its motion on October 19, 2007 (docket no. 27), and Plaintiffs filed their motion on March 3, 2008 (docket no. 33). Plaintiffs have responded to Defendant's motion. (Docket no. 31). Defendant has not yet responded to Plaintiffs' motion. The case was referred to the undersigned for all pretrial proceedings. (Docket no. 24). The Court dispenses with oral argument on these motions pursuant to E.D. Mich. LR 7.1(e). The motions are now ready for ruling.

*A.    Factual Background and Claims*

Plaintiffs do not specifically dispute any portion of the Defendant's version of the events leading up to the filing of this action, as set out in Defendant's motion. Defendant alleges that on April 23, 2003 Plaintiffs executed a mortgage note with lender New Freedom Mortgage Corporation and granted Defendant, as nominee for lender and mortgagee, a mortgage in property located at 1293 18th Street, Detroit, Michigan. (Docket no. 27, exs. A & B). The mortgage was duly recorded. Service of the note was transferred from New Freedom Mortgage Corporation to Wells Fargo Home Mortgage on May 13, 2003. Plaintiffs made their last payment to Wells Fargo on or about September 1, 2003 and then went into default on their mortgage loan. A sheriff's sale occurred on June 9, 2004, and Defendant was the successful bidder. (*Id*., ex. D). On December 21, 2004 Defendant filed a Summons and Complaint for possession of the premises. On January 18, 2005 a Judgment for Possession was granted to Defendant.

Plaintiffs have filed several prior actions in both state and federal court concerning this disputed property and the mortgage related to it. Plaintiffs first filed an action in Wayne County, Michigan, Circuit Court against Wells Fargo Home Mortgage Company and Trott & Trott, its law firm, on December 6, 2004. (*Id*., ex. E). Plaintiffs claimed that the mortgage contract was unenforceable because of a lack of consideration and fraud. (*Id*.). The court granted summary disposition for Defendants and dismissed the Complaint with prejudice. (*Id*., ex. F). Plaintiff's then filed an action in federal court against Defendant MERS. (*Id*., ex. G (No. 05-40018, E.D. Mich.)). Plaintiffs alleged among other claims that Defendant accused them of default on the loan but had no binding contract with Plaintiffs. The court dismissed that action for insufficiency of the service of process. (*Id*., ex. I).

On May 17, 2006 Plaintiffs filed another suit in federal court against Defendant MERS. (*Id*., ex. L(No. 06-12247, E.D. Mich.)). They alleged that Defendant obtained their property (the same that is at issue in the present action) by fraud and denied Plaintiffs due process in state court on their actions related to their mortgage foreclosure. (*Id*.). The court dismissed this action with prejudice after holding a hearing on Defendant's Motion to Dismiss which was based in part on Plaintiffs' failure to show state action. (No. 06-12247, docket nos. 10, 16, and minute entry).

Plaintiffs thereafter continued litigating in state court. On July 21, 2006 Plaintiffs filed a "Claim of Appeal" in the Wayne County Circuit Court regarding the judgment of possession affirmed by the 36th District Court. (Docket no. 27, ex. N). This appeal was dismissed on September 18, 2006 for failing to comply with the scheduling order. (*Id*., ex. O). Plaintiffs next filed an appeal in the Michigan Court of Appeals on September 28, 2006, but this appeal was dismissed for lack of jurisdiction on October 25, 2006. (*Id*., exs. Q, R). In December 2006 Plaintiffs filed a "Motion for Immediate Consideration" and "Motion for Reconsideration" in the Michigan Court of Appeals. (*Id*. ex. T). The Motion for Reconsideration advances the same arguments that Plaintiffs make in their Complaint in the present action. The court of appeals granted Plaintiffs' motion for immediate consideration but denied their leave to appeal. (*Id*. ex. U).

In the present Complaint[1] (docket no. 1), Plaintiffs claim that the foreclosure on their 18th Street property violated state statutes and that Defendant used deceptive practices including fraud

---

[1] Plaintiffs filed an "Amended Complaint" on November 16, 2007. (Docket no. 30). However, leave of court is required to amend the Complaint at this stage of the proceeding. Fed. R. Civ. P. 15(a). Plaintiffs have not filed a motion for leave to amend their Complaint. Therefore, this purported amended complaint has no effect. Nevertheless, out of an abundance of caution, the Court has considered whether Plaintiffs' "Amended Complaint" would change this Recommendation and finds that it would not.

to obtain their property. Plaintiffs seek 9 million dollars due to "misrepresentation and deceit." (Docket no. 1 at 14).

Defendant moves for summary judgment on the grounds that Plaintiffs' claims are barred by res judicata and the *Rooker-Feldman* abstention doctrine. (Docket no. 27). Plaintiffs argue that Defendants' motion should be denied because they have not established "a lawful statutory foreclosure from the beginning." (Docket no. 31 at 14).

*B.     Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

*C.     Analysis*

The doctrine of res judicata bars a subsequent action between the same parties or their privies after a final judgment on the merits has been entered based upon the same claims or causes of action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). It also precludes litigation of all claims or issues which were actually litigated or which could have been litigated in a prior action. *See J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). A Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim operates as a decision on the merits for res judicata purposes. *Federated Dep't Stores, Inc.*, 452 U.S. at 399 n.3; *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992) (per curiam).

In Plaintiffs' second federal court action, No. 06-12247, Judge Gadola dismissed Plaintiffs' action against Defendant MERS with prejudice. The final order recites that the "parties [have] stipulated to dismiss plaintiff's complaint with prejudice." (Docket no. 27, ex. M). As summarized above, Plaintiffs' complaint in that action alleged that Defendant obtained their property (the same that is at issue in the present action) by fraud and denied Plaintiffs due process in state court on their actions related to their mortgage foreclosure.

Res judicata arises from such a stipulated dismissal. *See Nemaizer v. Baker*, 793 F.2d 58, 61 (2nd Cir. 1986) ("A dismissal with prejudice arising out of an agreement of the parties is an adjudication of all matters contemplated in the agreement, and a court order which memorializes this agreement bars further proceedings."). The same parties that were involved in that earlier action are involved in this action. In addition, Plaintiff's Complaint in the present action is based upon the same facts and raises the same claims, such as fraud, as in the earlier action. Any claims raised in the present action not raised in the earlier action could have been raised in that action. Therefore,

the elements of res judicata are satisfied, and Defendant's Motion for Summary Judgment based on res judicata should be granted. Given this recommendation, Plaintiffs' Motion for Summary Judgment has no merit. It should be denied.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 19, 2008     s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 20, 2008                        s/ Lisa C. Bartlett
                                                      Courtroom Deputy