UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE WHITE and KIMBERLY
WHITE,

                Plaintiffs,     CIVIL CASE NO. 07-10074

v.

                               HONORABLE STEPHEN J. MURPHY, III

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION

### INTRODUCTION

Before the Court are the parties' cross-motions for summary judgment and the Report and Recommendation of the Honorable Mona K. Majzoub, United States Magistrate Judge. The Magistrate Judge served the Report and Recommendation on the parties on March 19, 2008, and notified the parties that any objections must be filed within ten days of service. The plaintiffs timely filed objections to the Report and Recommendation. For the reasons stated below, the Court overrules the plaintiffs' objections and adopts the Magistrate Judge's Report and Recommendation, granting the defendant's motion for summary judgment and denying the plaintiffs' motion for summary judgment.

### STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances

requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). In this case, the plaintiffs have filed objections to the Magistrate Judge's Report and Recommendation. Accordingly, the Court has conducted a de novo review of the record.

## ANALYSIS

This case involves a disputed piece of property located at 1293 18th Street, Detroit, Michigan, originally owned by the plaintiffs Jesse and Kimberly White. The plaintiffs took out a mortgage on this piece of property. See Exhs. A and B, Motion for Summary Judgment (Oct. 19, 2007) [docket entry #27]. After the plaintiffs defaulted on the mortgage, a sheriff's sale of the disputed property occurred. The defendant Mortgage Electronic Registration Systems, Inc. ("MERS") successfully bid on the property at the sheriff's sale, and a judgment of possession was granted to the defendant. *See id.*, Exh. D.

In an attempt to contest, among other things, the mortgage contract, the foreclosure, the sheriff's sale, and the defendant's ownership of the disputed property, the plaintiffs filed a *pro se* complaint in Wayne County Circuit Court. *See id.*, Exh. E. On December 9, 2005, the Wayne County Circuit Court dismissed the plaintiffs' complaint with prejudice and affirmed the judgment of possession in favor of the defendant MERS. *See id.*, Exh. F.

The plaintiffs then filed a *pro se* complaint against the defendant in federal court, docketed as Civil Case No. 05-40018. The complaint raised arguments similar to those in

2

the Wayne County Circuit Court case. On May 3, 2006, Case No. 05-40018 was dismissed by this Court due to insufficiency of process. On May 17, 2006, the plaintiffs filed another federal case, again raising similar arguments against the defendant. The case was docketed as Civil Case No. 06-12247 and was dismissed on November 7, 2006 pursuant to a stipulated order of dismissal with prejudice.

From July 2006 to December 2006, the plaintiffs continued litigation in the state court by filing various appeals. *See id.*, Exhs. N, O, Q, R, T and U. The appeals were all unsuccessful, with the Michigan Court of Appeals issuing a final denial of relief on December 29, 2006.

Finally, on January 3, 2007, the plaintiffs initiated the current *pro se* suit against the defendant, again raising similar arguments as before. The Court referred all pretrial proceedings to the Magistrate Judge. On March 19, 2008, the Magistrate Judge issued a Report and Recommendation which stated that the defendant's motion for summary judgment should be granted and that the plaintiffs' case should be dismissed due to the doctrine of res judicata. The plaintiffs subsequently filed objections to the Report and Recommendation.

After considering the plaintiffs' objections and conducting a de novo review of the record, the Court finds that the reasoning of the Magistrate Judge is sound and that her conclusions are correct. The defendant is entitled to dismissal of this case due to the doctrine of res judicata. "Res judicata, or claim preclusion as it is more helpfully termed, is the doctrine, simply stated, by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment." *Gargallo v. Merrill Lynch, Pierce, Fenner &*

3

*Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). "Res judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

The four elements of res judicata are satisfied in this case. First, there have been previous decisions on the merits by courts of competent jurisdiction. In particular, in Civil Case No. 06-12447, a case before this United States District Court, there was a stipulated order of dismissal with prejudice, which is a resolution on the merits. *See Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986) ("A dismissal with prejudice arising out of an agreement of the parties is an adjudication of all matters contemplated in the agreement, and a court order which memorializes this agreement bars further proceedings."). Second, the current case is between the same parties as the previous cases. Third, the issues in the current case are issues that were considered in the previous cases. Finally, there is an identity of the causes of action. The facts, claims, and arguments raised in the current case are the same as those in the previous cases. Consequently, the doctrine of res judicata applies in this case and the defendant is entitled to the dismissal of the plaintiffs' claims.

The Court also finds that the *Rooker-Feldman* doctrine precludes this Court from considering the plaintiffs' claims. The *Rooker-Feldman* doctrine states that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998) (citing *Rooker v. Fidelity*

4

*Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)). After reviewing the complaint, the Court concludes that the plaintiffs' case is an attempt to attack the judgment of possession and the other state court decisions related to the disputed piece of property. On December 9, 2005, the Wayne County Circuit Court affirmed the judgement on possession in favor of the defendant MERS. Subsequent appeals by the plaintiffs were unsuccessful. The plaintiffs are therefore asking this Court to review a case litigated and decided in state court. The *Rooker-Feldman* doctrine prohibits this Court from conducting such a review. Consequently, this Court lacks jurisdiction and the defendant is entitled to the dismissal of the plaintiffs' claims.

## CONCLUSION

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, the plaintiffs' objections, and the applicable portions of the record, **IT IS HEREBY ORDERED** that the plaintiffs' objections [docket entry #37] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #34] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for summary judgment [docket entry #33] is **DENIED** and the defendant's motion for summary judgment [docket entry #27] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case, Civil Case No. 07-10074, is **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motions for reconsideration [docket

entry #40], for request of admission [docket entry #41], for dismissal pursuant to res judicata [docket entry #42], to accept responses [docket entry #47], and for show cause hearing [docket entry #48] are **DENIED AS MOOT**.

**SO ORDERED.**

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: October 24, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 24, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager